Case 4:15-cv-02038   Document 27   Filed in TXSD on 04/08/16   Page 1 of 5

United States District Court
Southern District of Texas

**ENTERED**
April 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSE LEE DRONES, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-15-2038 |
| § | |
| WILLIAM STEPHENS, DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| Respondent. § | |

### MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this federal habeas corpus proceeding that has been referred by the District Judge pursuant to 28 U.S.C. § 636(b)(1) is Respondent's Motion for Summary Judgment (Document No. 18), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus should be dismissed because the claim(s) Petitioner raises are not cognizable and because Petitioner has not received the required authorization from the Fifth Circuit Court of Appeals to file this successive § 2254 proceeding. Having considered Respondent's motion, the absence of a response,[1] the largely convoluted and unintelligible allegations and claims in Petitioner's § 2254 application, Petitioner's previous federal habeas corpus proceedings in this District and the Northern District of Texas, and the applicable law, the Magistrate Judge

---

[1] In and of itself, Drones' failure to respond to Respondent's Motion for Summary Judgment justifies the dismissal of Drones' claims. *See* Order of October 8, 2015 (Document No. 15) ("Whether the respondent elects to submit an answer or a dispositive motion, the petitioner shall file any reply within **thirty (30) days** of the date reflected on the certificate of service. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."); *Martinez v. Johnson*, 104 F.3d 769, 772-773 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and this § 2254 proceeding be dismissed without prejudice under 28 U.S.C. § 2244(b)(3)(A) as a second or successive habeas corpus application for which Petitioner has not received authorization by the Fifth Circuit Court of Appeals to file.

Petitioner Jesse Lee Drones ("Drones") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division, pursuant to a 1987 felony conviction in the 185th District Court of Harris County, Texas, Cause No. 486228, for burglary of a habitation, for which he was sentenced to thirty-five years imprisonment. He is also incarcerated pursuant to a 2002 conviction in the 278th District Court of Walker County, Texas, Cause No. 20,028-C, for assault on a correctional officer, for which he was sentenced to fifteen years imprisonment. The fifteen year sentence on the 2002 assault conviction was specifically ordered to be served consecutive to the thirty-five year sentence on the burglary conviction. *See* State Court Records at 24 (Document No. 19-1 at 28) ("It is further ORDERED by the Court that the judgment and sentence in this cause shall begin to run from and after the sentence of law in Cause No. 486228 on the 30th day of DECEMBER, 1987, in the 185th District Court of Harris County, Texas, has ceased to operate. . . "). Both convictions were final more than a decade ago. Drones does not appear to be challenging, *per se*, either conviction in this § 2254 proceeding; instead, he seems to be challenging the *effect* his 2002 assault conviction has on his eligibility for parole and/or mandatory supervision release.

In four separate grounds for relief completed by Drones as part of the form "Petition for a Writ of Habeas Corpus by a Person in State Custody" he filed, Drones alleges as follows:

> GROUND ONE: For disciplinary status parole or release on mandatory supervision.,
> Penal Code 508.181, 1/4 law over that limited 15 years on a 3G non aggravte

sentence involve simple charge file in plea bargaining error to be fix and corrected thus credit [ ] of error in judgment, no weapon found.

GROUND TWO:  Delay over due process, and double jeopardy clause in poverty. AM Drones, Jesse Lee 472216, am been as filed in double jeopardy on the same punishment test for the same offense imposement false reports file to false imprisonment abolish fee, life endangerment for years holding me in poverty suffering a distress order.

GROUND THREE:  For parole release eligibility requirement that + to 1/4 maximum 15 years non-agg sentence term expiration date.  Depriving, bribing me out of my rights 1st - 2nd - 3rd - 4th - 5th - 6th - 7th - 8th - 9th - 10th 14th - 35th amendment right violation of due process and double jeopardy replay repeating itself over and over life endanger.

GROUND FOUR:  Judgment in on damage award - for reentrys fee paid for the loses (2000).  Discrimination - unconstitutional to hold me in prison for a long period of time as expide on status of limitation holding disorder counterfeit of conspiracy as malpractice act on judgment sentence.

The undersigned construes those four grounds to challenge Drones' ineligibility for mandatory supervision release and/or the intervals at which Drones has been subject to parole review – both of which appear to relate to, and are derivative of, his 1987 burglary conviction and/or his 2002 conviction for assault of a correctional officer.  In that sense, Drones *is* challenging one or both of his convictions and *is* challenging the effect those convictions have had on the length of his imprisonment.  Respondent maintains in the Motion for Summary Judgment that because Drones has – more than once before– challenged both his 1987 burglary and his 2002 assault conviction with a § 2254 application, this, Drones' current § 2254 proceeding, is successive and should be dismissed given that he has not received authorization from the Fifth Circuit Court of Appeals to file it.

28 U.S.C. § 2244(b)(3)(A) provides, as follows, for the filing and consideration of second or successive habeas corpus applications under 28 U.S.C. § 2254 by persons in custody pursuant to the judgment of a State court:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, Drones has not asked for, or been given, permission by the Fifth Circuit Court of Appeals to pursue a second or successive federal application for writ of habeas corpus, as is required by 28 U.S.C. § 2244(b)(3)(A). Insofar as this § 2254 proceeding is a "successive" proceeding within the meaning of § 2244(b), this Court lacks jurisdiction over it unless and until the Fifth Circuit authorizes the Court to consider it on the merits. *Garrett v. Stephens*, ___ Fed. App'x ___, 2016 WL 556599, Nos. 15-10747, 15-10811 (5th Cir. Feb. 11, 2016) ("A district court lacks jurisdiction to consider a successive application if the prisoner has not received this court's authorization to file it.").

A § 2254 application is successive if it raises claims that were raised or *could have been* raised in an initial or prior § 2254 proceeding. *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("Although AEDPA does not set forth what constitutes a 'second or successive' application, this Court has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" ), *cert. denied*, 540 U.S. 910 (2003). Here, Drones' complaints about the effect his 1987 burglary conviction and/or his 2002 assault conviction are having on his eligibility for parole and mandatory supervision are complaints that could have been raised in the initial § 2254 applications he filed challenging his 1987 burglary conviction and his 2002 assault conviction, *see Drones v. Johnson*, Civil Action No. H-97-2739 (challenging his 1987 burglary conviction) and *Drones v. Dretke*, Civil Action No,. H-03-5191 (challenging his 2002 assault conviction), or in any of the other subsequent and numerous § 2254 applications he filed

thereafter. *See e.g., Drones v. Stephens*, Civil Action No. 15-1869 (dismissing for lack of jurisdiction successive § 2254 application). As such, this § 2254 proceeding is successive within the meaning of § 2244(b). And, because Drones has not received authorization from the Fifth Circuit Court of Appeals allowing the Court to consider his successive § 2254 application, it must be dismissed for lack of jurisdiction. Therefore, it is

RECOMMENDED that Respondent's Motion for Summary Judgment (Document No. 18) be GRANTED and that Petitioner's federal Application for Writ of Habeas Corpus (Document No. 3) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8th day of April, 2015.

Frances H. Stacy
United States Magistrate Judge